Reese, J.
delivered the opinion of the court.
The complainants are judgment creditors of Henry Smith. They caused executions to issue upon which a portion of their debt was made and a return of nulla bona as to the rest. They filed this bill to set aside certain conveyances of said Smith to the other defendants, Leeper & Carter, of certain real and personal property, as having been made fraudulently to injure and delay creditor's, and to have satisfaction of their debts out of said property. The cause was tried upon bill, answers, replications and the report of the clerk and master; from all which it appears that the defendant, Smith, being largely indebted to the complainants and others, and suits by those others being at the time pending against him, did by separate deeds to Leeper & Carter, who are his brothers-in-law, of nearly the same date, convey to them in several portions, all his real and personal estate, comprising lands, negroes, merchandize, horses, cattle, and every species of property whatever, belonging to him, in consideration of money to be paid him, after a long credit, varying from tentó five years, and the payment of which was secu red by the bills single, of the said Leeper & Carter, taken separately for the several portions of property purchased by them, the said Smith being left in the possession, and with the management *181 feilicl control of Said lands, negroes, merchandize, &c. The answers of all the defendants, indeed, expressly deny any purpose to injure or delay creditors, as being the ground or reason for these conveyances. The answers, however, state the above facts. The denial of intentional fraud, or fraud in fact, cannot destroy the effect and operation of the circumstances stated and admitted. A man largely indebted sells his whole property, real and personal, to relatives upon a credit of 'from five to ten years, taking no security whatever, and continuing in the use and possession of his property in the meantime. In the want of ready money to meet large impending demands and under every obligation of justice and honesty so to dispose of his property as to satisfy those demands, he makes an arrangement such as has been stated. Here is every badge of fraud, embarrassment, relationship, no money paid, nominal ownership changed by deeds and forms of law, possession and real ownership continuing as before. What motive but the postponement of creditors in the collection of their debts could have prompted such an arrangement? We think the chancellor could not decide otherwise than in'favor of the complainants. We affirm the decree.